IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2018 FEB -8 PM 3:32

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RICHARD CLINE<br>554 West Water Street<br>New Lexington, Ohio 43764.<br><br>PLAINTIFF,<br><br>v.<br><br>LISA ANN BRANCATO<br>266 Fayer Court<br>Groveport, Ohio 43125<br><br>and<br><br>EMILY CLINE<br>4903 Bottlebrush Drive<br>Canal Winchester, Ohio 43110<br><br>and<br><br>UNITED STATES DEPARTMENT OF EDUCATION<br>400 Maryland Avenue S.W.<br>Washington, D.C. 20202<br><br>and<br><br>GREAT LAKES HIGHER EDUCATION CORPORATION<br>c/o Anton P. Ketterer, Statutory Agent<br>2401 International Lane<br>Madison, WI 53704<br><br>DEFENDANTS. | Case No.: 2:18cv107<br><br>Judge: [Judge Watson •<br>MAGISTRATE JUDGE VASCURA<br>FILED UNDER SEAL<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT; DECLARATORY JUDGMENT; FRAUD; CONVERSION; UNJUST ENRICHMENT; CIVIL CONSPIRACY; VIOLATION OF R.C. § 2913.49; VIOLATION OF R.C. 2923.32; VIOLATION OF 18 U.S.C. § 1962 |

1. Relator-Plaintiff, Richard Cline, ("Plaintiff") files this complaint for, among other things, violations of the Federal False Claims Act, 31 U.S.C. § 3729, on behalf of the United

States of America, against Lisa Ann Brancato ("Brancato"), and Emily Cline ("Emily"), as well as additional claims against Defendant Great Lakes Higher Education Corporation ("Great Lakes"). Plaintiff seeks a determination that Plaintiff Cline did not, either personally or through an agent, apply for certain federal student loans known as Federal Direct PLUS Loans issued under Account Number 804035277000005 for the benefit of Emily, and is the victim of identity theft in relation thereto. Plaintiff U.S.A. has been wrongfully deprived of said funds by virtue of Defendants' false and fraudulent claims.

## JURISDICTION AND VENUE

2. This is an action brought pursuant to 31 U.S.C. § 3729, 18 U.S.C. § 1964, and 28 U.S.C. § 2201.

3. Subject-matter jurisdiction is conferred by 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a). Supplemental jurisdiction over Plaintiff's related state-law claims is pursuant to 28 U.S.C. § 1367(a), as these claims arise from the same transactions or occurrences as the federal claims and arise out of a common nucleus of operative fact.

4. The Court has personal jurisdiction over all of the Defendants because they either reside within this District or regularly transact business in, contract within, and perform services within this District pursuant to R.C. § 2307.382.

5. Venue is proper in this Court pursuant to R.C. 2913.49(A) in that the malicious activity giving rise to these actions occurred in Perry County, Ohio and Cedarville University in Cedarville Ohio, within this district. The Defendants Emily Cline and Lisa Brancato reside in this district, and pursuant to 28 U.S.C. § 1391(b), in that the causes of action arose in this district.

## PARTIES

6. At all relevant times, Plaintiff was a citizen of the United States and a resident of Perry County, Ohio or Fairfield County, Ohio.

7. Defendant United States Department of Education is a federal agency responsible for, among other things, the disbursement, administration, and management of certain federal student loan programs.

8. Defendant, Great Lakes Higher Education Corporation ("Great Lakes"), is a service provider of federal student aid programs funded by the U.S. Department of Education.

9. Great Lakes maintains its principal place of business in Madison, Wisconsin.

10. At all relevant times, Defendant Lisa Ann Brancato (aka Lisa Cline) ("Brancato"), was a citizen of the United States and a resident of Perry County, Ohio. Brancato is the former spouse of Plaintiff Cline. Brancato is currently a resident of Franklin County, Ohio.

11. At all relevant times, Defendant Emily Cline (aka Emily McGill) ("Emily"), was a citizen of the United States and a resident of Greene County, Ohio. Emily is the daughter of Plaintiff Cline and Defendant Brancato. Emily is currently a resident of Franklin County, Ohio.

## FACTS

12. In 2009, Defendant Emily enrolled in Cedarville University.

13. In 2009, Plaintiff obtained a Parent PLUS Loan known as Loan Number 804035277000001 in his name for the benefit of Defendant Emily in the amount of Thirty-Thousand Four Hundred Twenty-Six Dollars and Twenty-Five Cents ($30,426.25) for the 2009-2010 school year only. This was evidenced by a Master Promissory Note physically signed by Plaintiff. The validity of this loan is not in dispute.

14. This loan and all the loans referenced in this Complaint were originated by the United States Department of Education under the William D. Ford Federal Direct Loan Program," as authorized by 20 U.S.C. § 1087a.

15. Pending the conclusion of his divorce from Defendant Brancato, Plaintiff Cline moved out of the marital residence he shared with Defendants Brancato (his soon-to-be ex-wife) and Emily (their daughter) in August 2010, leaving behind the family personal computer.

16. Plaintiff moved to 611 West Brown Street, New Lexington, Ohio 43764 on or about August 2010.

17. Defendants Brancato and Emily continued to reside in the marital residence located at 2910 TWP. RD. 185 SW, Junction City, Ohio 43748 at all relevant times.

18. On February 10, 2011, another Federal Direct PLUS Loan application was submitted on behalf of Emily electronically for the 2011-2012 school year at Cedarville University without Plaintiff's knowledge or consent and against his expressly stated wishes to Brancato and Emily. A true and accurate copy of the "2/10/11 Loan Application" is attached hereto as Exhibit A.

19. The 2/10/11 Loan Application listed Plaintiff Cline as the borrower, but it did not list his correct address. *Id.* The address listed on the 2/10/11 Loan Application is 2910 Township Rd. 185 SW Junction City, Ohio 43748, which was the address of Defendants Brancato and Emily at the time the application was made. *Id.*

20. Further, Plaintiff's forged electronic signature was used in Section E: Promise to Pay. *Id.*

21. On September 9, 2011, the United States Department of Education sent a Disclosure Statement to 2910 Township Road address attempting to inform Plaintiff Cline that a

student loan was granted in the amount of Twenty-Three Thousand Dollars ($23,000.00) to him on behalf Defendant Emily. A true and accurate copy of the "Disclosure Statement" is attached hereto as Exhibit B.

22. Plaintiff never received the disclosure because he did not live at the Junction City address and all mail addressed to him was not forwarded to his address by Defendants Brancato or Emily.

23. On August 25, 2011, a subsequent electronic Federal Direct PLUS Loan application was submitted on behalf of Emily for the 2012-2013 school year at Cedarville University. A true and accurate copy of the "8/25/11 Loan Application" is attached hereto as Exhibit C.

24. Similar to the 2/10/11 loan application, this unauthorized loan application also listed Plaintiff Cline as the borrower, it did not list his correct address, and it also used a forged electronic signature under Section E of the application. *Id.*

25. On August 6, 2012, the United States Department of Education sent a Disclosure Statement to the 2910 Township Road address attempting to inform Plaintiff of the grant of Twenty-Five Thousand Seven Hundred Dollars ($25,700.00) to him on behalf of Defendant Emily. A true and accurate copy of the "8/6/12 Disclosure Statement" is attached hereto as Exhibit D.

26. Once again, Plaintiff did not receive the Disclosure Statement because he did not live at the 2910 Township Road address, nor was his mail forwarded from this address.

27. Although Plaintiff was issued an account number—804035277000001—for his Parent PLUS Loan Account associated with the authorized 2009 loan, he was issued a second

account number—804035277000005—for the later unauthorized loans. A true and accurate copy of the "2015 Student Loan Obligation Statement" is attached hereto as Exhibit E.

28. The total loan amount for the unauthorized loans is Fifty-Nine Thousand Seven Hundred Dollars ($59,700), together with interest of 7.9%, which brought the total loan repayment cost to Seventy-Five Thousand Sixty-Six Dollars and Fifty-Nine cents ($75,066.59). *Id.*

29. Plaintiff did not learn of the student loans obtained in his name until 2015, at which time he filed a Complaint with the Inspector General to report fraud concerning the U.S. Department of Education program funds. A true and accurate copy of the "Complaint Form" is attached hereto as Exhibit F.

30. Defendants Brancato and Emily, individually or in concert, forged the Relator-Plaintiff's electronic signature on the 2/10/11 Loan Application, the 8/25/11 Loan Application, and the associated master promissory notes.

31. Defendants Brancato and Emily knew their forgery of the Relator-Plaintiff's signature was unauthorized, and their conduct was willful, wanton, and malicious.

32. Defendants Brancato and Emily, individually or in concert, did conspire to prevent Relator-Plaintiff from learning about the loans illicitly taken out in his name.

33. Defendants Brancato and Emily's access of computer systems, including those of the United States Department of Education, using Relator-Plaintiff's name and personal information, such as his social security number, was done without his knowledge or consent.

34. On May 7, 2015, Plaintiff filed a Sherriff's Report with the Perry County Sheriff's Office stating that he believed Defendant Brancato fraudulently applied for student

loans in his name on behalf of their daughter Emily. A true and accurate copy of the "Sherriff's Report" is attached hereto as Exhibit G.

35. The Sheriff's investigation revealed that the $75,000 debt was never disclosed during the divorce proceedings as a liability. *Id. See also*; "Plaintiff's Divorce Decree" attached hereto as Exhibit H.

36. Furthermore, the Sheriff's investigation revealed that as of January 21, 2011, the parties were under court order not to accrue new debt. *Id.*

37. On August 3, 2015, Plaintiff's request to have his name removed from the student loan account was denied by Great Lakes, at which time he appealed to the U.S. Department of Education. A true an accurate copy of "Plaintiff's Appeal" is attached here to as Exhibit I.

38. The U.S. Department of Education denied his appeal on December 8, 2015.

39. To date, Plaintiff has repaid Ten-Thousand Fifty-One Dollars Twenty –Four Cents ($10,051.24) on the Parent PLUS Loan Account Number 804035277000005 to avoid damage to his credit and Defendants Brancato and Emily have failed to assume the loans.

40. Plaintiff now brings this action to have this Court declare that he did not, nor did any person with the authority to do so, authorize federal student Loan Number 804035277000005, which granted Defendant Emily $75,066.24 to attend Cedarville University for the 2012 and 2013 academic year, and Plaintiff is, therefore, the victim of identity theft.

41. The facts and circumstances of the Defendants' violations of the False Claims Act have not been publicly disclosed in any criminal, civil, or administrative hearing, nor in any legislative, administrative, or inspector general report, hearing, audit, or investigation, or in the news media other than to the extent noted above.

42. Relator-Plaintiff is the original source of information upon which this Complaint is based and provided the disclosures of the allegations of this Complaint to the United States prior to filing. Immediately upon the filing of this Complaint, Relator-Plaintiff will provide the United States Attorney General with a copy of this Complaint and written disclosure of substantially all material evidence and information Relator-Plaintiff possesses.

## COUNT I
**(False Claims Act Violations – Presenting or Causing Presentment of a False Claim)**

43. Relator-Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

44. By virtue of the acts described above, Defendants Brancato and Emily knowingly presented or caused to be presented false or fraudulent claims to the United States Government for payment and approval in violation of 31 U.S.C. § 3729(a)(1)(a).

## COUNT II
**(False Claims Act Violations – Presenting or Causing Presentment of a False Record)**

45. Relator-Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

46. By virtue of the acts described above, Defendants Brancato and Emily knowingly made, used, or caused to be made or used false records and statements, to get the false or fraudulent claims paid or approved by the United States Government in violation of 31 U.S.C. § 3729(a)(1)(b).

## COUNT III
**(Declaratory Relief)**

47. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

48. This action is being brought pursuant to 28 U.S.C. § 2201.

49. 28 U.S.C. § 2201 states, in relevant part, that "In a case of actual controversy within its jurisdiction, [...] upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

50. In this matter, Plaintiff seeks a declaration stating that Plaintiff did not, nor did any person with his authority, authorize the federal student loans associated with Account Number 804035277000005 from the United States Department of Education to Defendant Emily, and he is the victim of identity theft associated therewith.

## COUNT IV
## (Fraud)

51. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

52. Defendants Brancato and Emily perpetrated fraud by obtaining a federal student loan in Plaintiff's name without his consent or authorization.

53. Defendants Brancato and Emily borrowed a total of Fifty-Nine Thousand Seven Hundred Dollars ($59,700) in Plaintiff's name and from Great Lakes without his authorization or consent.

54. The acts of Defendants Brancato and Emily were illegal, reckless, malicious and deliberate.

55. As the result of Defendants Brancato and Emily's malfeasance, Plaintiff has incurred damages in the amount of $75,066.59.

## COUNT V
### (Conversion)

56. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

57. The student loan money transferred by the United States Department of Education and Great Lakes to Defendant Emily incurred an unauthorized and illegal liability for Plaintiff to Great Lakes and to the Federal Student Loan Program.

58. Plaintiff had demanded that Defendants Brancato and Emily assume responsibility for the loan, which they have refused to do.

59. Defendants have improperly incurred debt in Plaintiff's name and Defendant Emily has obtained almost all of it at the expense of Plaintiff. The value of said improper benefit must be disgorged to Plaintiff.

60. Plaintiff has been forced to pay on this unauthorized debt to protect his credit.

61. As a direct and proximate result of Defendants Brancato and Emily's conversion, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT VI
### (Unjust Enrichment)

62. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

63. Defendants Brancato and Emily have been unjustly enriched in the amount of Fifty-Nine Thousand Seven Hundred Dollars ($59,700). Acting individually or in concert with each other as a civil conspiracy, said Defendants have fraudulently sought and obtained the federal student loan proceeds for Defendant Emily's benefit and to Plaintiff's detriment, but not

paid for the same. Said unjust enrichment has come at the expense of the Plaintiff, and must be disgorged.

## COUNT VII
### (Civil Conspiracy)

64. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

65. Defendants Brancato and Emily, on information and belief, have maliciously conspired by and between themselves to engage in fraud as set forth above, resulting in financial injury to Plaintiff.

66. Defendant Brancato utilized or made available to Emily the computer in her possession, custody and control to fraudulently obtain the student loan noted above after Plaintiff had moved from the home and had refused to obtain a new loan.

67. Defendant Brancato concealed the loan by intercepting notices from Great Lakes. Further, Defendant Brancato failed to disclose the existence of the loans to Plaintiff during their divorce when she had an affirmative duty to do so.

68. Defendant Emily knew the loan had not been authorized, but accepted the benefit thereof.

69. Defendants Brancato and Emily are jointly and severally liable for the losses Plaintiff has suffered as a result of their conspiracy.

## COUNT VIII
### (Violation of O.R.C. § 2913.49)

70. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

71. Defendants Brancato and Emily's misconduct is a violation of O.R.C. § 2913.49 in that, without consent of Plaintiff, they used his personal information with the intent to defraud.

72. Pursuant to R.C. § 2307.60, Plaintiff is entitled to bring a civil action.

73. As a direct and proximate result of Defendants Brancato and Emily's misconduct, Plaintiff has been damaged in the amount to be determined at trial.

## COUNT IX
### (Violation of O.R.C. § 2923.32)

74. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

75. Defendants Brancato and Emily have associated together, which constitutes an enterprise pursuant to R.C. § 2923.31(C).

76. Defendants Brancato and Emily's misconduct constitutes corrupt activity pursuant to R.C. 2923.31(I)(1) in that it is defined as "racketeering activity" under 18 U.S.C. § 1961(1)(B).

77. In particular, Defendants Brancato and Emily's misconduct constitutes a violation of 18 U.S.C. § 1341 (mail fraud), among other federal and state statutes.

78. Defendants Brancato and Emily's conduct also constitutes "corrupt activity" within the meaning of R.C. § 2923.31(I)(2)(c) in that their conduct constitutes a violation of R.C. § 2913.42 (tampering with records).

79. Defendants Brancato and Emily's misconduct constitutes a pattern of corrupt activity that is related the affairs of the enterprise because Brancato and Emily purposefully defrauded Great Lakes and the U.S. Department of Education on February 10, 2011, and subsequently again on August 25, 2011, when they submitted the forged student loan application with the intent to commit fraud.

80. This count is brought pursuant to R.C. § 2923.34.

81.     As a direct and proximate result of Defendants Brancato and Emily's misconduct, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT X
### (Violation of 18 U.S.C. § 1962)

82.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

83.     Defendants Brancato and Emily have associated together, which constitutes an enterprise pursuant to 18 U.S.C. § 1961(4).

84.     Defendants Brancato and Emily's misconduct constitutes a "pattern of racketeering activity" as defined by 18 U.S.C. § 1961(5) by committing at least two acts of racketeering activity, i.e. indictable violations of 18 U.S.C. § 1342 (fraud by wire), and 18 U.S.C. § 1341 (mail fraud), as well as other federal statutes.

85.     In particular, Defendants Brancato and Emily purposefully defrauded Great Lakes and the U.S. Department of Education on February 10, 2011, and subsequently again on August 25, 2011, when they submitted the forged student loan application with the intent to commit fraud.

86.     Each activity was related, had similar purpose, involved the same participants and method of commission, had similar results and impacted the similar victims.

**WHEREFORE**, Plaintiff respectfully prays that the Court grants judgment against Defendants and in favor of Relator-Plaintiff as follows:

   A.   Declare, adjudge, and decree that the Plaintiff, Richard Cline, did not, nor did any person with his authority to do so, authorize the federal student loans associated with account number 804035277000005, from the United States Department of Education to Defendant Emily Cline;

B. Find that Defendants Brancato and Emily violated the False Claims Act, and are subject to treble damages plus a civil penalty of $11,000 for each violation of the False Claims Act;

C. Find that Defendants Brancato and Emily's actions constitute fraud;

D. Find that Defendants Brancato and Emily's actions constitute conversion;

E. Find that Defendants Brancato and Emily have been unjustly enriched as a result of the fraud and conversion;

F. Find that Defendants Brancato and Emily's actions constitute civil conspiracy;

G. Find that Defendants Brancato and Emily's actions constitute a violation of O.R.C. 2313.49;

H. Find that Defendants Brancato and Emily's actions constitute a violation of O.R.C. § 2923.32;

I. Find that, pursuant to R.C. § 2923.34, Plaintiff is entitled to damages;

J. Find that Defendants Brancato and Emily's misconduct constitutes a violation 18 U.S.C. § 1962;

K. Actual and punitive damages;

L. Plaintiff's attorneys' fees, costs, and expenses;

Respectfully submitted,

Daniel J. Fruth (0075309)
STEBELTON SNIDER LPA
109 North Broad Street, Suite 200
P.O. Box 130
Lancaster, OH 43130
Ph. (740) 654-4141 / Fx. (740) 654-2521
Email: djf@stebelton.com
*Attorney for Plaintiff*