UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Richard Cline,

    Plaintiff,

v.

Lisa Ann Brancato, *et al.*,

    Defendants.

Case No.: 2:18-cv-107
Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

Defendant Great Lakes Higher Education Corporation ("Great Lakes") moves for judgment on the pleadings or, in the alternative, for summary judgment on Plaintiff's claim against Great Lakes in the Third Amended Complaint. Mot., ECF No. 56. The Court must treat Great Lakes' motion as one for summary judgment because it references matters outside the pleadings.[1] Fed. R. Civ. P. 12(d). For the following reasons, Great Lakes' motion is **GRANTED**.

### I.    STANDARD OF REVIEW

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a), which provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must grant summary judgment if the opposing party fails to make a

---

[1] Plaintiff appropriately responded to the motion as if it were one for summary judgment.

showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine issue of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Pittman v. Cuyahoga Cty. Dep't of Children and Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). Thus, the central issue is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman*, 640 F.3d at 723 (quoting *Anderson*, 477 U.S. at 251–52).

## II. ANALYSIS

Great Lakes is only mentioned three times in the Third Amended Complaint. The first two allegations simply state that Great Lakes has its principal place of business in Wisconsin and is "a service provider of federal student aid programs funded by the U.S. Department of Education." Third Am.

Compl. ¶¶ 8–9, ECF No. 29. The only substantive allegation is that "[o]n August 3, 2015, Plaintiff's request to have his name removed from the student loan account was denied by Great Lakes . . ., at which time he appealed to the U.S. Department of Education." *Id.* ¶ 37. This allegation relates only to a declaratory judgment claim against Great Lakes (and other defendants).

Plaintiff acknowledges that he is not alleging any malfeasance by Great Lakes. Resp. 2, ECF No. 54. Instead, Plaintiff believes Great Lakes is a necessary party "in order to completely establish the rights and other legal relations of the interested parties." *Id.* Plaintiff goes further and suggests that he is, at least in part, suing Great Lakes to allow it to "assert and protect any interest it may have in the outcome of the declaratory judgment action." *Id.*

Notably absent from Plaintiff's argument, however, is citation to any case law or statute supporting his contention. Furthermore, the only evidence offered by Plaintiff is a citation to Great Lakes' discovery responses (which were not attached to Plaintiff's response) that apparently state that "Great Lakes reports the status of loan repayment to consumer reporting agencies, which has a direct impact on Plaintiff's ability to obtain complete relief from the fraudulent loan." Resp. 3–4, ECF No. 59. This fact, if it is supported by a document in the record, would not explain why Great Lakes is a necessary party. Plaintiff's legally and factually unsupported conclusion that Great Lakes is a necessary party is insufficient.

Great Lakes, on the other hand, has pointed the Court to several decisions finding that a servicer is not a necessary party in this type of case. Reply 2, ECF No. 60; *Stewart v. Bank of New York Mellon*, No. 10-CV-791, 2010 U.S. Dist. LEXIS 100193, *8 (D. Ariz. Sept. 22, 2010) (collecting cases and stating that the court could issue a declaratory judgment on the appropriateness of rescission without the servicer's presence in the lawsuit); *Harris v. Option One Mortg. Corp.*, 261 F.R.D. 98, 108 (D.S.C. 2009) (rejecting plaintiffs' argument that the servicer could not be dismissed as a necessary party); *Walker v. Gateway Fin. Corp.*, 286 F. Supp. 2d 965, 969 (N.D. Ill. 2003) (characterizing the argument that a servicer has an interest in the litigation as "an undue stretch" and finding that any concern that a servicer may improperly report on the loan after rescission is "totally speculative" and "really not a current case or controversy"); *see also Madrigal v. OneWest Bank*, No. C-09-3436, 2010 U.S. Dist. LEXIS 11179, **6–7 (N.D. Cal. Feb. 9, 2010) (finding a servicer was not a necessary party when it was not alleged that the servicer failed to properly service the obligation). The Court agrees with the reasoning of these decisions and finds that Great Lakes is not a necessary party solely by virtue of being the servicer of the subject loan. Complete relief can be granted without Great Lakes and there is no substantial risk of Plaintiff incurring multiple inconsistent obligations because of Great Lakes' absence.

## III. CONCLUSION

The Court **GRANTS** Great Lakes' motion for summary judgment. Great Lakes is **DISMISSED WITH PREJUDICE** from this lawsuit. The Clerk is **DIRECTED** to terminate ECF No. 56 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**