UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Richard Cline,

    Plaintiff,

v.

Lisa Ann Brancato, *et al.*

    Defendants.

Case No.: 2:18-cv-107

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

The United States Department of Education ("DOE") objects to Magistrate Judge Vascura's July 10, 2019 Order, ECF No. 49, denying the DOE's motion to correct the record and for relief from order, ECF No. 47. Obj., ECF No. 51. For the following reasons, the Court **OVERRULES** the DOE's objection.

### I.    FACTS

Plaintiff Richard Cline ("Cline") filed his initial Complaint on February 8, 2018, suing Lisa Ann Brancato ("Brancato"), Emily Cline ("Emily"), the DOE, and Great Lakes Higher Education Corporation. ECF No. 1. The Complaint brought claims for False Claims Act ("FCA") violations, declaratory relief, fraud, conversion, unjust enrichment, civil conspiracy, violations of certain Ohio statutes, and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962. *Id.*

On February 20, 2018, Plaintiff amended his Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). ECF No. 4. The Amended Complaint dropped the DOE as a defendant but brought the same claims against the remaining parties. *Id.*

On May 9, 2018, Plaintiff moved for leave to file a second amended complaint. ECF No. 6. The motion stated that "[t]he proposed Second Amended Complaint dismisses the Federal False Claims Act claim and, accordingly, the United States of America as Plaintiff." *Id.* at 1. The memorandum in support of the motion to amend stated that Plaintiff sought leave to amend "to dismiss the United States of America as a party, and to dismiss the claim against Defendants for violations of the False Claims Act." *Id.* at 2. Plaintiff also stated the following:

> The United States consents to this Motion, as required by 31 U.S.C. § 3730(b), to the extent it seeks dismissal of the case under the False Claims Act. As to naming the United States Department of Education as a Defendant in the initial Complaint, that cause of action is to be dismissed with prejudice. All other parties and claims shall remain unaffected.

*Id.* at 2–3.

Along with the motion to amend, Plaintiff submitted a proposed order that had been reviewed and modified by an Assistant United States Attorney ("AUSA"). *See* Plaintiff's Resp. 3, ECF No. 54; *see also* Exs. 1 and 2, ECF Nos. 54-1 and 54-2. As part of that review process, the AUSA stated that he "realized the U.S. was named as a defendant in the Declaratory Judgment cause of action" and suggested the following language be added to the proposed order:

"all causes of action filed against the United States and its agencies are hereby dismissed." Ex. 2, ECF No. 54-2. That language was included in the proposed order, resulting in the following language as it relates to claims against the DOE:

> [A]ll causes of action filed against the United States and its agencies are hereby dismissed. The count asserting a Federal False Claims Act claim is dismissed as follows: The United States Department of Education is dismissed as a defendant with prejudice; the United States of America as a co-plaintiff is dismissed without prejudice . . . . All other parties and claims remain unaffected by this Order.

ECF No. 6-1.

Magistrate Judge Vascura did not enter the proposed order exactly as written. Her order stated the following with respect to the dismissal of claims:

> [T]he Federal False Claims Act claim is dismissed as follows: the United States Department of Education is dismissed with prejudice; the United States of America as a co-plaintiff is dismissed without prejudice; and the Federal False Claims Act claim is dismissed without prejudice as to all other parties. All other parties and claims are unaffected by this Order.

ECF No. 7.

Plaintiff later moved to amend his Complaint a third time on September 18, 2018, to add back the DOE as a defendant. ECF No. 23. The Court granted Plaintiff's motion, and the Clerk was directed to file Plaintiff's third amended complaint. ECF No. 28. The DOE never responded to the Third Amended Complaint, so Plaintiff moved for default judgment against the DOE. ECF No. 45. The DOE responded to Plaintiff's motion for default judgment, ECF No. 46, and moved to amend/correct the record and for relief from the order, ECF No. 47. In both filings, the DOE argues that all claims against it in this case were

dismissed with prejudice, which should have prevented Plaintiff from reviving his declaratory judgment claim against the DOE in his Third Amended Complaint. Resp. 2, ECF No. 46; Mot. 2, ECF No. 47.

Magistrate Judge Vascura denied the DOE's motion to correct the record, finding the following:

> [T]he previous dismissal of the DOE with prejudice was expressly limited to Plaintiff's FCA claims. Plaintiff's Third Amended Complaint does not assert an FCA claim against any party. Therefore, the prior dismissal of the FCA claims against the DOE with prejudice does not bar Plaintiff's current common law and non-FCA statutory claims against the DOE.

Order 2–3, ECF No. 49. The DOE objects to that order. ECF No. 51. For the following reasons, the objection is **OVERRULED**.

## II. STANDARD OF REVIEW

Magistrate Judge Vascura's Order denying the DOE's motion to correct the record was issued pursuant to Federal Rule of Civil Procedure 72(a), because it was not dispositive of a party's claim or defense. The DOE timely objected; therefore, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while her legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994). The Court has the absolute authority to "overturn any conclusions of law which contradict or ignore applicable precepts of law, as found

in the Constitution, statutes, or case precedent." *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)). A magistrate judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S. Ct. 525, 92 L. Ed. 746 (1948).

## III. ANALYSIS

The DOE argues that the clear intent of Plaintiff's motion to file a second amended complaint was to dismiss with prejudice his declaratory judgment claim against the DOE. Obj. 6, ECF No. 51. Plaintiff contends that the dismissal with prejudice was expressly limited to Plaintiff's FCA claims, and the Magistrate Judge agreed. Order 2, ECF No. 49.

The DOE primarily bases its argument on the language of the motion to amend itself. In particular, the DOE believes the following portion of the motion clearly refers to Plaintiff's declaratory judgment claim: "as to naming the [DOE] as a Defendant in the initial Complaint, *that cause of action* is to be dismissed with prejudice." Obj. 6, ECF No. 51 (citing Mot. 2–3, ECF No. 6) (emphasis added). The DOE's argument has some logical appeal. Right before Plaintiff moved to dismiss "that cause of action" against the DOE with prejudice, he discussed dismissal of the False Claims Act claim. One plausible reading of this is "that cause of action" refers to a separate claim—i.e. the declaratory judgment claim. Another plausible reading, however, is that the dismissal with prejudice was

directed at the only claim explicitly discussed in the motion—i.e. the False Claims Act claim.

Bolstering the DOE's interpretation of the motion is the original Complaint itself. Counts I and II of the Complaint, which addressed the False Claims Act claims, do not allege any misconduct by the DOE that would have made it a Defendant under those claims. Compl. 8, ECF No. 1. Indeed, paragraph 46 under Count II alleges that false records and statements were used "to get the false or fraudulent claims paid or approved by the United States Government . . . ." *Id.* ¶ 46. This is consistent with the Government being a False Claims Act plaintiff, not defendant. If the DOE was never a False Claims Act Defendant, it stands to reason Plaintiff could not have intended to dismiss a False Claims Act claim against the DOE.

But the language of the proposed order directly undercuts this reasoning. The proposed order submitted by Plaintiff, and approved by the AUSA, stated that the FCA claim was dismissed with prejudice as to the "United States Department of Education . . . as a defendant." Proposed Order 2, ECF No. 6-1. Irrespective of whether the DOE was properly named as an FCA defendant in the original Complaint, it is clear that Plaintiff was referring to such a claim in the proposed order the only time dismissal with prejudice is mentioned. When the proposed order discusses non-FCA claims—"all causes of action filed against the United States and its agencies are hereby dismissed"—it does not mention the dismissal being with prejudice. *Id.* As discussed above, this language

dismissing without prejudice was added at the request of the Government and was explicitly intended to address the declaratory judgment claim against the DOE. May 8, 2018 email, ECF No. 54-2. The Government could have requested dismissal of the declaratory judgment claim with prejudice but failed to do so.

The language of Magistrate Judge Vascura's order granting the motion to amend was even clearer. That order dismissed only the FCA claim and stated that "[a]ll other parties and claims are unaffected by this Order." Order 1–2, ECF No. 7. Her order did not even include the requested language dismissing other causes of action against the United States.

The DOE tries to demonstrate that Magistrate Judge Vascura's reading of the motion to amend and proposed order are "contrary to law" or "clearly erroneous." But pointing to ambiguity in the phrase "that cause of action" in the motion to amend and suggesting that the proposed order contained "confusing language" falls well short of the required showing. Even if this Court were reviewing Magistrate Judge Vascura's order *de novo*, it would likely reach the same conclusion she did and find that Plaintiff dismissed his declaratory judgment claim against the DOE without prejudice. But her order certainly was not "contrary to law" or "clearly erroneous."

## CONCLUSION

For these reasons, the DOE's objection to Magistrate Judge Vascura's Order, ECF No. 51, is **OVERRULED**. Because Plaintiff's declaratory judgment

claim was not dismissed with prejudice, the DOE must move or plead in response to Plaintiff's Third Amended Complaint. Magistrate Judge Vascura previously *sua sponte* extended the DOE's time to do so until fourteen days after the entry of this Opinion and Order. ECF No. 52.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**